UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

*In re*:                                                    Case Number: 20-11739-13

      GARY E. ERLANDSON II,

           Debtor.

      SUSAN ERLANDSON,

             Plaintiff,

        v.                                           Adversary Number:  21-23

      GARY E. ERLANDSON II,

           Defendant.

## <u>DECISION</u>

This matter comes before the Court for a determination of whether the Defendant and Debtor, Gary E. Erlandson II, is eligible to discharge an obligation assumed by him stemming from divorce proceedings with the Plaintiff, Susan Erlandson. The issue before the Court is whether that debt is classified as a property division subject to discharge under 11 U.S.C. § 1328 or is classified as a nondischargeable domestic support obligation under 11 U.S.C. § 523(a)(5).

### STATEMENT OF FACTS

Gary E. Erlandson II ("Defendant") and Susan Erlandson ("Plaintiff") were married in January 2001. Together, they had one child. On May 10, 2010, Plaintiff and Defendant entered into a Stipulation for Separation ("Stipulation"),

which was later incorporated into a Decree for Separation ordered by the Iowa District Court for Blackhawk County. Plaintiff was awarded the marital home and was held responsible for the remaining mortgage balance, while Defendant was to be solely responsible for a U.S. Bank home equity line of credit ("HELOC") and have it transferred to his name only. At the time of separation, the balance of the HELOC was about $23,000. The Stipulation also awarded joint custody of the parties' child to both parents, but Plaintiff retained physical placement of the child in the former marital home.

Defendant and Plaintiff reconciled after the Stipulation but officially sought dissolution of the marriage on September 19, 2013. Because the Stipulation did not expressly address spousal support, Plaintiff also sought an Order for Temporary Spousal Support. A marriage dissolution was entered December 31, 2015, and reaffirmed on March 30, 2016. The Iowa District Court upheld the Stipulation and found the terms requiring Defendant to pay the HELOC to be equitable. Plaintiff was thus ordered to refinance the marital home to remove Defendant's name, and Defendant was instructed to refinance the HELOC to remove Plaintiff's name. Plaintiff complied and refinanced the mortgage to remove Defendant's name, while Defendant has not removed Plaintiff's name from the HELOC. The District Court further ordered that Defendant be exclusively liable for the HELOC and hold Plaintiff harmless.

Further, Plaintiff was awarded temporary alimony in the amount of $400 per month until December 31, 2018, along with an agreed-upon child support obligation. At the time of the dissolution, Plaintiff was enrolled at Kaplan

2

University. Plaintiff had insufficient income to pay all her expenses including the mortgage and tuition. The $400 per month in alimony represented the education expenses that Plaintiff could not meet on her own based on a significant disparity in the parties' respective incomes. The parties expected that completing her education would enable her to support herself, pay the obligations assigned to her, and contribute toward the support of the parties' child.

Defendant appealed the economic provisions of the decree to the Iowa Court of Appeals, but the court affirmed the Stipulation and District Court's Order on August 2, 2017. The Iowa Court of Appeals upheld Plaintiff's limited award of spousal support based on her significantly lower earnings. Defendant then appealed the decision to the Supreme Court of Iowa, and review was denied on September 25, 2017.

Despite the terms of the Stipulation and dissolution, Defendant failed to remove Plaintiff's name from the HELOC. On February 13, 2020, Plaintiff filed a contempt motion against Defendant for failing to follow the court order and remove her name from the loan. On February 26, 2020, the Iowa District Court set a contempt hearing for July 7, 2020. But Defendant filed his Chapter 13 petition on July 2, 2020, and claimed the contempt hearing violated Defendant's automatic stay, so the trial has been stayed. As of the petition date, Plaintiff is still named on the HELOC. Plaintiff remains liable on the HELOC. Upon completion of Defendant's bankruptcy, his liability will be

discharged but Plaintiff will remain liable for any unpaid balance on the HELOC.

Plaintiff filed this adversary proceeding on June 12, 2021. On August 17, 2021, a pretrial conference was held. At the hearing, the parties agreed that no material facts were in dispute and that this Court could set a briefing schedule.

Plaintiff believes Defendant's obligation to pay the HELOC is in the nature of support. To support this position, Plaintiff asserts that the Defendant's obligation to pay the HELOC on the homestead, which is occupied by Plaintiff and the parties' child, who was a minor at the time of the divorce, enabled Plaintiff to remain in the home. According to Plaintiff, because of the income disparity at the time of the divorce, Plaintiff would not have been able to afford the mortgage and HELOC on her own. The payment of the HELOC was intended to be in lieu of support as it contributed to maintaining the homestead, an important part of support.

Defendant, on the other hand, believes the obligation to pay the HELOC is in the nature of a property division. Defendant believes there is no indication by the Iowa courts that this property division was in lieu of additional spousal maintenance beyond the spousal maintenance that was already set, ordered, and subsequently paid by the Defendant to the Plaintiff.

## JURIDICTION

This Court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 157 and 1334(a). Venue is proper under 28 U.S.C. §§ 1408 and 1409. The issue before the Court relates to whether a debt owed to a creditor is classified

as a nondischargeable domestic support obligation pursuant to 11 U.S.C.

§ 523(a)(5). It falls within the parameters of "matters concerning the

administration of the estate." 28 U.S.C. § 157(b)(2)(A).

### A. NONDISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(5)

The discharge provided by the Bankruptcy Code is meant to advance the

goal of allowing honest but unfortunate debtors a "fresh start" through

bankruptcy proceedings. The exceptions to discharge under 11 U.S.C. § 523

are strictly construed against objecting creditors and liberally in favor of

debtors. *See In re Crosswhite,* 148 F.3d 879, 881 (7th Cir. 1998). The moving

party, Susan Erlandson, must prove each element of the discharge exception

by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 291

(1991).

In a Chapter 13, claims that are domestic support obligations are

excepted from discharge under 11 U.S.C. § 1328(a)(2). This provision includes

debts excepted from discharge under 11 U.S.C. § 523(a)(5), which are debts

defined as domestic support obligations under 11 U.S.C. § 101(14A). Section

101(14A) of the Bankruptcy Code provides that a domestic support obligation

("DSO") is:

> a debt that accrues before, on, or after the date of the order of relief
> in a case under this title, including interest that accrues on that
> debt as provided under applicable nonbankruptcy law
> notwithstanding any other provision of this title, that is—
>
> (A) owed to or recoverable by—
>
> (i) a spouse, former spouse, or child of the debtor or such
> child's parent, legal guardian, or responsible relative; or

(ii) a governmental unit;

(B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;

(C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of—

(i) a separation agreement, divorce decree, or property settlement agreement;

(ii) an order of a court of record; or

(iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and

(D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

## B. DETERMINATION OF DOMESTIC SUPPORT OBLIGATION

For the HELOC to be considered a DSO, this Court must determine that the obligation is (A) owed to or recoverable by Plaintiff; (B) is in the nature of alimony, maintenance, or support; (C) was established before the Debtor filed for bankruptcy relief by a separation agreement or divorce decree; and (D) has not been assigned other than for collection purposes. 11 U.S.C. § 101(14A).

Both parties agree the only factor in dispute is whether the debt is in the nature of alimony, maintenance, or support. Whether a claim qualifies as a DSO is a fact specific inquiry, and the claimant has the burden of proof to show that his or her claim is entitled to priority. *See In re Trentadue*, 527 B.R.

6

328, 329 (Bankr. E.D. Wis. 2015) (citing *In re Clark,* 441 B.R. 752, 755 (Bankr. M.D.N.C. 2011)).

Federal bankruptcy law, not state law, determines whether a debt is in the nature of support. *County of La Crosse v. Stevens (In re Stevens)*, 436 B.R. 107, 109 (Bankr. W.D. Wis. 2010). But a bankruptcy court may look to state law for guidance in making this decision. *Id.* Further, the inquiry of the bankruptcy court addresses the nature of the obligation at the time of the divorce, and thus the current needs of the recipient spouse are irrelevant. *In re Messnick*, 104 B.R. 89, 92 (Bankr. E.D. Wis. 1989) (citing *In re Fryman,* 67 B.R. 112 (Bankr. E.D. Wis. 1986)).

The main principles guiding bankruptcy courts in determining if a debt is a nondischargeable DSO are the *intent* of the parties or the state court in creating the obligation as well as the *purpose* of the obligation considering the parties' circumstances at that time. *Tadisch v. Tadisch (In re Tadisch)*, 220 B.R. 371, 374 (Bankr. E.D. Wis. 1998). If intent is not explicitly expressed, the court may look beyond the document to the circumstances of the parties at the time of divorce. *In re Messnick*, 104 B.R. at 92.

When determining whether the parties or the divorce court intended the obligation to be a property division or support, and whether the actual effect of the obligation resulted in a property division or provided support, a bankruptcy court may consider many factors, including:

1.   Whether a maintenance award is also made for a spouse;

2.  Whether there was a need for support at the time of the divorce and whether support would be inadequate absent the obligation in question;

3.  Whether the court intended to provide for support by the obligation in question;

4.  Whether the debtor's obligation terminated at the death or remarriage of the recipient spouse;

5.  Whether the amount or duration of payments can be altered upon a change of circumstances;

6.  The age, health, educational level, work skills, earning capacity and other financial resources of the parties independent of the obligation in question;

7.  Whether payments are extended over time or are in a lump sum;

8.  Whether the debt is characterized as property division or support under state law;

9.  Whether the obligation balances disparate incomes of the parties;

10. Tax treatment of payments; and

11. Whether one party relinquished a right to support under state law in exchange for the obligation in question.

*Id.* at 92–93.

The Stipulation does not expressly designate the HELOC as support. Instead, the assumed obligation to pay the HELOC is listed under "Real Estate." However, the Seventh Circuit has held that "in determining whether an obligation is a liability for support, the court must look to the substance of the obligation and not labels imposed by state law." *In re Maitlen*, 658 F.2d 466, 467 (7th Cir. 1981) (citing *Shacter v. Shacter,* 467 F. Supp. 64 (D. Md. 1979),

*aff'd,* 610 F.2d 813 (4th Cir. 1979)). A court can and must look behind a label to determine the true nature of the obligation. *Tadisch,* 220 B.R. at 375.

Defendant believes "there is essentially no evidence in the record to clearly demonstrate that there was any clear intent that the U.S. Bank, N.A. home equity loan assumed by Defendant was intended to be a support payment." To support this position, Defendant makes several arguments:

1. The Iowa courts found it equitable to provide temporary alimony solely to allow Plaintiff to attend school, and there is no mention of the Defendant's assumption of the HELOC in this analysis.

2. The District Court Order found that each party left the marriage "in relatively decent financial shape with the expectation of being able to look after his or her own future needs."

3. The Iowa courts found that "[e]ach party is fairly young and in good physical and emotional health."

4. Plaintiff received "the majority of the marital assets including the marital home (and its equity) and one half of the Defendant's military pension."

5. The Defendant was not taking a tax deduction on his annual taxes for payment of the HELOC as spousal support payment.

6. The assumed HELOC does not bear typical qualities of a DSO, such as an ability in the divorce agreement to modify or alter the payment, or end the payment upon the remarriage of the Plaintiff.

7. The only evidence that Plaintiff could not afford the HELOC is what he describes as a "self-serving affidavit" filed by the Plaintiff, which is rebutted by Defendant's own affidavit stating that there was never any discussion that the undertaking of the HELOC was in lieu of spousal maintenance.

According to Defendant, considering all these facts together makes the assumption of the HELOC appear more like a property division rather than a DSO.

9

The Court disagrees with Defendant's contention that "there is no evidence" to establish an intent that the HELOC assumption was intended to be a DSO. On the contrary, several factors support finding the obligation to pay the HELOC a domestic support obligation.

First, the plain language of the Stipulation, which was later incorporated into a Decree for Separation and repeatedly upheld by the Iowa District Court and Court of Appeals, shows a clear intention that the assumption of the HELOC was a domestic support obligation. In particular, paragraph 4 of the Stipulation states that "[t]o the extent that either party is assuming liabilities incurred during the marriage[,] that assumption is in the nature of fulfilling his or her support obligation to the other party." The HELOC was a debt incurred during the marriage. Thus the plain language of the Stipulation shows the parties' intention that Defendant's assumption of the HELOC was in the nature of support.

Second, the facts surrounding the assumption of the HELOC show an intent to support both the Plaintiff and the parties' child by enabling both Plaintiff and the child to remain in the family home. While this Court has not held so expressly, Plaintiff cites in her brief a string of cases from courts in and beyond this district holding that an obligation enabling one's family to maintain their shelter is an obligation in the nature of support and nondischargeable under 11 U.S.C. § 523(a)(5). *See, e.g.*, *Linet v. Azia (In re Azia),* 159 B.R. 71, 74 (Bankr. D. Mass. 1993); *In re Robinson*, 921 F.2d 252, 253 (10th Cir. 1990); *In re Gianakas*, 917 F.2d 759, 764 (3d Cir. 1990); *In re*

10

*Yeates*, 807 F.2d 874, 879 (10th Cir. 1986); *In re Balvich*, 135 B.R. 327, 325–26 (Bankr. N.D. Ind. 1991); *In re Rogers*, 117 B.R. 122, 125 (Bankr. M.D. Pa. 1990); *In re Lariccia*, 110 B.R. 822, 826 (Bankr. N.D. Ohio 1989); *In re Cacolici*, 108 B.R. 578, 584 (Bankr. N.D. Ohio 1989).

This Court agrees with the line of reasoning presented in these cases. The HELOC has a clear, tangible relationship to the welfare of both the Plaintiff and the parties' child. The parties agreed that Plaintiff would be awarded the family homestead and that physical placement of the child should be with Plaintiff. Further, each party was awarded all assets currently in each party's possession at the time of the separation. This shows an intention to preserve both the Plaintiff's and the child's routines and way of life despite the pending divorce. It also shows an understanding that it was in the child's best interest to remain in the house where she was accustomed to living.

To maintain the status quo and enable both Plaintiff and the parties' daughter to remain in the family home, both the mortgage and the HELOC needed to continue to be paid. Plaintiff submitted an affidavit stating she could not afford the HELOC payments at the time of the divorce because at the time of the separation, Plaintiff was making significantly less than Defendant. Indeed, Plaintiff's income was about half of Defendant's at the time of the separation. This significant income disparity suggests an inability for Plaintiff to make both the mortgage and the HELOC payments. As a result, without Defendant's help in paying the HELOC, Plaintiff and the parties' child could not have remained in the family home, contrary to what the parties intended.

11

Additionally, the fact that the Iowa District Court found each party expected to be able to financially look after his or her own *future* needs does not mean that Plaintiff could do so fully at the time of the separation. In fact, it was expected that completing her education would enable the Plaintiff to increase her earnings. Temporary alimony was awarded to help Plaintiff meet the portion of her Kaplan University expenses that she could not afford. Upon graduation, Plaintiff believed she should be able to better provide for herself without a permanent need for alimony. For that reason, Plaintiff's ability to look after her own future needs was contingent on her graduating from Kaplan and subsequently securing employment that enabled her to become more financially independent. This was material to the award of alimony being temporary.

The purpose of a DSO is to limit any unfair economic consequences stemming from a divorce by helping a spouse maintain the financial status quo. *See, e.g., Edl v. Kinast (In re Edl)*, 207 B.R. 611, 617 (Bankr. W.D. Wis. 1997) (stating that the purpose of alimony is to support "those legally dependent upon the pensioner for support and maintenance"). Because Plaintiff required support payments until she graduated from Kaplan, this strongly suggests that at the time of the separation there was an inability for Plaintiff to financially take care of her own needs. This includes the need to make both the mortgage and HELOC payments to maintain the status quo for her and her daughter and remain in the family home. Thus, Plaintiff's statement in her affidavit that she could not afford to make the HELOC

12

payments accords with the rest of the record and the findings and
determinations of the Iowa courts.

In response, Defendant submitted his own affidavit asserting that
"discussions revolving around the U.S. Bank, N.A. home equity loan were all in
the context of the splitting of assets like the retirement accounts and personal
vehicles" and that "[d]uring the entirety of the legal separation and subsequent
divorce, there was never any discussion that [Defendant's] undertaking of the
U.S. Bank, N.A. home equity loan was in lieu of a separate spousal
maintenance."

Defendant's affidavit is self-serving and the statements contained within
it are unavailing. First, Defendant's affidavit contradicts the plain language of
the Stipulation that Defendant entered into—specifically, the provision that
"[t]o the extent that either party is assuming liabilities incurred during the
marriage[,] that assumption is in the nature of fulfilling his or her support
obligation to the other party." This language shows a mutual understanding
between the parties that the HELOC was support.

Second, Defendant's history of making and breaching agreements and
failing to follow court orders makes his statements lack credibility. Since 2010,
Defendant has agreed to be held exclusively liable for the payment of the
HELOC against the former marital home and to transfer the HELOC to
Defendant's name only. This agreement was later incorporated into the divorce
decree and reaffirmed by the Iowa District and Appeals Courts. Further, since
2016, Defendant has been ordered to hold Plaintiff harmless for the HELOC.

13

Many courts have held that hold harmless clauses create nondischargeable obligations when related to alimony or support. *See, e.g.*, *In re Calhoun*, 715 F.2d 1103, 1107 (6th Cir. 1983); *In re French,* 9 B.R. 464, 466–67 (Bankr. S.D. Cal. 1981) (citing S. Rep. No. 95-989 at 5865 (1978); *In re Johnson,* 397 B.R 289, 298 (Bankr. M.D.N.C. 2008)).

For over 10 years, Defendant has both agreed and been ordered to be exclusively liable for the HELOC, remove Plaintiff's name from the HELOC, and hold her harmless for the payment of the debt. For over 10 years, Defendant has refused to do so. Plaintiff sought to enforce this order and agreement through the 2020 contempt action against Defendant, but this action was stayed because of Defendant's Chapter 13 filing. Defendant does not explain why he failed to follow the terms of his own agreement and court orders. It would be inequitable to permit Defendant to utilize the Chapter 13 discharge to keep avoiding responsibility for this debt.

## CONCLUSION

The totality of the circumstances, including intent, the financial situation of the respective parties, the type of debt assumed, and the credibility of the parties, all show that Defendant's obligation to pay the HELOC was in the nature of domestic support and thus nondischargeable under 11 U.S.C. § 523(a)(5). The parties' financial circumstances at the time of the Stipulation establish that Plaintiff would not have been able to maintain the family home without Defendant's payment of the HELOC given the significant income disparities at the time of the separation. And the great weight of authority

14

holds that a spouse's assumption of debts enabling members of the family to remain in the marital residence is a nondischargeable obligation in the nature of support, maintenance, or alimony rather than a dischargeable property division.

The Court concludes the debt is nondischargeable as a domestic support obligation under 11 U.S.C § 523(a)(5).

Plaintiff includes a request for reasonable attorney's fees as part of the relief. No information about the amount sought or the entitlement has been submitted. This decision does not make any findings about attorney's fees. If such fees are requested, counsel must submit a detailed request for fees. Any such request is subject to objection and further proceedings.

This decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure.

A separate order and judgment consistent with this decision will be entered.

Dated: March 28, 2022

BY THE COURT:

Hon. Catherine J. Furay
U.S. Bankruptcy Judge